# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

MICHAEL RAY YOUNG,

    Plaintiff,

vs.

STATE OF NEVADA,

    Defendant.

Case No. 2:17-cv-01062-RFB-VCF

**REPORT & RECOMMENDATION**

COMPLAINT (ECF NO. 1-1)

This is a civil rights violation case. Plaintiff Michael Ray Young alleges that two State of Nevada Parole and Probation Officers violated his civil rights when they extradited him from Arkansas to Las Vegas. Before the Court is Young's complaint (ECF No. 1-1). In an order filed concurrently, the Court dismissed, with leave to amend, Young's claims against Officer Kaylor and Officer Dyer in their individual capacities brought pursuant to 42 U.S.C. §§ 1981, 1985, and 1983.[1] This report and recommendation only addresses Young's claims against Officer Kaylor and Officer Dyer in their official capacities brought pursuant to (1) 42 U.S.C. §§ 1981, 1985, and 1983, and (2) 18 U.S.C. §§ 241, 242, and 245. For the reasons stated below, it is recommended that these claims be dismissed with prejudice.

/ / /

/ / /

/ / /

---

[1] This Order sets out in detail the background and legal standards for this case.

1

# DISCUSSION

## I. Screening the Complaint

Young's claims arise from his arrest and extradition from Arkansas to Las Vegas, Nevada in February 2015. He asserted a number of claims against Officer Kaylor and Officer Dyer arising under the following: (1) 42 U.S.C.§ 1983 (2) 42 U.S.C. § 1985 (3) 42 U.S.C. § 1981 (4) 18 U.S.C. § 242 (5) 18 U.S.C. § 241, and (6) 18 U.S.C. § 241.

### a. Claims brought under 42 U.S.C. §§ 1981, 1983, and 1985

Young asserted claims against Officer Kaylor and Officer Dyer of the Nevada Parole and Probation Division in their official and individual capacities.[2] But it is clear from the allegations in Young's complaint that his causes of action were intended against the Nevada Department of Public Safety Parole and Probation Division. *See Garcia v. City of Merced*, 637 F.Supp. 2d 731, 759 (E.D.Cal. 2008) (holding that a claim against the Nevada Department of Parole and Probation, a state agency, is considered a claim against the State of Nevada). Claims against individual Defendants in their official capacities are construed as claims against the entity for which they are agents. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." (citations omitted)). Thus, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different

---

[2] In the Order filed concurrently with this report and recommendation, the Court addressed Young's claims against the Officers in their *individual* capacities. The Court found that the violations that Young alleged each of these Defendants committed were judicial in nature and were made in conjunction with their role in Young's probation or parole proceedings. Therefore, a quasi-judicial immunity attached to their actions. There were no allegations that the Officers engaged in any improper actions or actions from which this Court could reasonably infer fell outside of the performance of their duties and would not be protected.

from a suit against the State itself." *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

Both Defendants are state employees and any judgment against them in their official capacities would be satisfied from the state treasury. The claims against them, therefore, are construed as claims against the state. Since states are protected from such suits by the Eleventh Amendment, these official capacity claims are also barred by the Eleventh Amendment. *See Will*, 491 U.S. at 71 ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). Young has not cited any authority that indicates the State of Nevada waived its Eleventh Amendment immunity or that Congress has overridden such immunity. Accordingly, the claims against Officers Kaylor and Dyer in their official capacities should be dismissed.[3] The Court does not recommend granting Young leave to amend because amendment would be futile. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### b. Claims brought under 18 U.S.C. §§ 241, 242, and 245

Young has no claims under 18 U.S.C. §§ 241, 242, and 245. *See, e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Williams v. Nevada Dep't of Corr.*, No. 2:13-CV-00941-JAD, 2013 WL 6331033, at *4 (D. Nev. Dec. 4, 2013). These criminal provisions provide no basis for civil liability. *Id.* Title 18 of the United States Code covers crimes and criminal procedures. Such criminal allegations are not properly brought forth in a civil complaint. Claims under these statutes should be dismissed with prejudice. *See Cato*, 70 F.3d at 1106.

---

[3] *See, e.g.*, *Altman v. Dep't of Children & Family Servs.*, 666 F. Supp. 2d 918, 929 (S.D. Ill. 2009) ("neither the state, nor its employees are subject to suit under § 1981 in their official capacities"); *Young v. Hawaii*, 911 F. Supp. 2d 972, 982 (D. Haw. 2012) (holding that Eleventh Amendment Immunity applies to Plaintiff's claims brought against state, state agencies or state officials under § 1985).

3

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Young's claims brought pursuant to 42 U.S.C. §§ 1981, 1985, and 1983 against Officer Kaylor and Officer Dyer in their official capacities be DISMISSED with prejudice.

IT IS RECOMMENDED that Young's claims brought pursuant to 18 U.S.C. §§ 241, 242, and 245 against Officer Kaylor and Officer Dyer be DISMISSED with prejudice.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.

IT IS SO RECOMMENDED.

DATED this 2nd day of May, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4