# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

MICHAEL RAY YOUNG,

               Plaintiff,

vs.

STATE OF NEVADA,

               Defendant.

Case No. 2:17-cv-01062-RFB-VCF

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 1) AND COMPLAINT (ECF NO. 1-1)

Before the Court are Plaintiff Michael Ray Young's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1).  For the reasons stated below, Young's *in forma pauperis* application is granted.  For the reasons stated below, however, Young's claims against Officer Kaylor and Officer Dyer in their individual capacities brought under 42 U.S.C. §§ 1981, 1983, and 1985 must be dismissed with leave to amend.[1]

## BACKGROUND

This is a civil rights violation case.  Young alleges that two State of Nevada Parole and Probation Officers violated his civil rights when they extradited him from Arkansas to Las Vegas pursuant to a warrant that was baseless.

Young alleges that "Officers" came to his Little Rock, Arkansas home in February 2015, stating that they had a warrant for him from Las Vegas, Nevada for a probation violation.  ECF No. 1-1 at 1.  The contents of that warrant stated, according to Young, that it was for a violation of the conditions imposed

---

[1] In a report and recommendation filed concurrently with this Order, the Court addressed Young's claims against Officer Kaylor and Officer Dyer in their official capacities brought pursuant to (1) 42 U.S.C. §§ 1981, 1985, and 1983, and (2) 18 U.S.C. §§ 241, 242, and 245.

on him pursuant to the program of lifetime supervision for the period between December 2012 and December 2014 under Nevada Revised Statute 213.1243. *Id*. Young asserts that he was not on lifetime supervision at that time because there was no such agreement between 2012 and 2014. *Id*. at 2. This, Young argues, "makes the warrant baseless and a false arrest as well as … civil rights violations." *Id*. Young states that at that time he was on probation being supervised by the Probation and Parole division of the State of Arkansas. ECF No. 1-1 at 2. He also states that the Nevada Parole and Probation Division

> was given two Court appearances two opportunities to come to Court to make a verbal objection to ORDERING me back to Arkansas; and the suspension of the Life Time Suspension Sentence at that time they should have send a representative for opposition did not happen. However, after being in Little Rock less than 10 days they attempted a warrant wasting all our time and money who was that?

*Id*. at 3.[2]

After being extradited to Las Vegas, Nevada, Young asserts that "they dismissed a charge without clearly stating what [he] did to be extradited" leaving him stranded in Nevada away from his family and home in Arkansas. *Id*. at 8. Young also notes a few past instances where he claims to have been "harassed" by the Parole and Probation Division of Nevada. *Id*. at 3-4. In particular, Young posits that in 2002, the Parole and Probation Division of Nevada "warranted and arrested me from CA, even with a signed court order that I could travel to CA." *Id*. at 4. Young claims that since February 2015 to the present Officer Kaylor and Officer Dyer will not allow him to leave Nevada. *Id*. Young brought suit against Officer Kaylor and Officer Dyer in April 2017 claiming that they have violated his civil rights.[3]

---

[2] The allegations in Young's complaint are difficult to comprehend. Initially Young stated that there was no lifetime supervision agreement or conditions imposed on him between 2012 to 2014. ECF No. 1-1 at 2. Yet Young also states that Nevada Parole and Probation "wast[ed] all our time and money" by failing to object to ordering him back to Arkansas and to suspending the "Life Time Suspension Sentence." *Id*. at 3. That would suggest that he was subject to a lifetime supervision sentence between 2012 and 2014.

[3] Young seeks monetary damages of $1.2 million dollars which represent $500 per day from February 2015 until the present.

2

## DISCUSSION

Young's filings present two questions for this Court: (1) whether Young may proceed *in forma pauperis* under 28 U.S.C. § 1915(e), and (2) whether Young's complaint states a plausible claim for relief. Each is discussed below.

## I. *In Forma Pauperis*

Young's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Under § 1915(a)(1), Young submitted a financial affidavit. ECF No. 1. According to the affidavit, Turner has no source of income. *Id*. Young's application to proceed *in forma pauperis* is, therefore, granted.

## II. Screening the Complaint

Because the Court granted Young's application to proceed *in forma pauperis*, it must review Young's complaint to determine whether the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

### A. Legal Standard

The Court's review of Young's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007). Fed. R. Civ. P. 8(a) also provides that a complaint "that states a claim for relief must contain … a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The

Supreme Court's decision in *Ashcroft v. Iqbal*, states that to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009).

The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 681.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Young's claims arise from his arrest and extradition from Arkansas to Las Vegas, Nevada in February 2015. He asserted a number of claims against Officer Kaylor and Officer Dyer in their official

and individual capacities arising under the following: (1) 42 U.S.C.§ 1983 (2) 42 U.S.C. § 1985 (3) 42 U.S.C. § 1981 (4) 18 U.S.C. § 242 (5) 18 U.S.C. § 241, and (6) 18 U.S.C. § 241.

### a. Claims brought under 42 U.S.C. §§ 1981, 1983, and 1985

Young asserts claims against Officer Kaylor and Officer Dyer of the Nevada Parole and Probation Division in their individual capacities. The actions that Young alleges each of these Defendants took, however, were judicial in nature—i.e., bore close association to the judicial process—and were made in conjunction with their role in his probation or parole proceedings. There are no allegations in Young's complaint that the Officers engaged in any inherently improper actions or actions from which this Court could reasonably infer fell outside of the performance of their duties and would not be protected.

When judges are performing judicial functions they are absolutely immune from civil liability. *Stump v. Sparkman*, 435 U.S. 349, 363-64 (1978). This immunity has been extended to other officers whose functions bear a close association to the judicial process. *See Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1985); *see also Lawrence v. Welch*, 531 F.3d 364, 372-73 (6th Cir. 2008) (stating that persons performing judicial or quasi-judicial functions are entitled to absolute immunity). Judicial functions are those of "resolving disputes between parties or of authoritatively adjudicating private rights." *Burns v. Reed*, 500 U.S. 478, 498 (1991).

Judicial immunity has been extended to parole and probation officers in the performance of their duties when those duties are judicial in nature. *See Demoran*, 781 F.2d at 156–57 ("… judicial immunity has been extended to federal hearing officers and administrative law judges, federal and state prosecutors, witnesses, grand jurors, and state parole officers"); *see also Friedman v. Younger*, 282 F. Supp. 710, 716

(C.D. Cal. 1968) ("The functions of a … probation officer … are 'in the performance of an integral part of the judicial process' … so as to dictate immunity from suit under the Civil Rights Act").[4]

Young alleges that the Nevada Parole and Probation Division violated his rights when they arranged for his arrest under a baseless warrant for a parole violation. When a probation officer evaluates an individual to determine whether he has violated the conditions of his probation, the officer is entitled to quasi-judicial immunity. *See, e.g.*, *Timson v. Wright*, 532 F.2d 552, 553 (6th Cir. 1976) (per curiam) (citing *Burkes v. Callion*, 433 F.2d 318, 319 (9th Cir.1970) (per curiam) (preparing and submitting a report in a criminal action is a quasi-judicial function)). Such immunity similarly bars claims brought pursuant to §§ 1981[5] and 1985.[6] *See, e.g.*, *Agnew v. Moody*, 330 F.2d 868, 869 (9th Cir. 1964) (holding that the doctrine of immunity applies to actions under § 1985); *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir.

---

[4] *See also Rose v. Flairty*, 772 F.3d 552, 554 (8th Cir. 2014) (holding that probation officers are protected by quasi-judicial immunity when they enforce a court order); *Loggins v. Franklin*, 218 Fed.Appx. 466, 476 (6th Cir.2007) (citing *Butz v. Economou*, 438 U.S. 478, 513 (1978)) ("Federal officers, other than judges to whom a form of judicial immunity has been found to attach (quasi-judicial immunity) include hearing officers and administrative law judges."); *Silver v. Dickson*, 403 F.2d 642, 643 (9th Cir. 1968) (finding that parole board members are entitled to quasi-judicial immunity when they process applications for parole); *Morrow v. Igleburger*, 67 F.R.D 675, 682-83 (S.D. Ohio 1974) (discussing the application of qualified judicial immunity to probation officers and to parole officers and board members); *Robinson v. Largent*, 311 F.Supp. 1032, 1303-04 (E.D.Pa.1970) (finding parole board members to be immune from suit based on quasi-judicial immunity); *Mann v. Snyder*, 300 F. Supp 1309, 1310 (E.D.Pa.1969) ("The defendant [ ], a parole officer, is generally immune from liability for a delegated discretionary act performed within his official capacity").

[5] 42 U.S.C. §§ 1981 states, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State … to the full and equal benefit of all laws … as is enjoyed by white citizens." To support a claim under § 1981, a plaintiff must allege facts indicating that the plaintiff was discriminated against or denied such rights "on account of their race or ethnicity." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1123 (9th Cir. 2008). Here, Young does not allege discrimination based on his race or ethnicity. Thus, Young fails to state a plausible claim to relief under § 1981.

[6] A complaint based on § 1985(3) must allege: (1) a conspiracy (2) to deprive any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws (3) an act by one of the conspirators in furtherance of the conspiracy and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. *See* 42 U.S.C. § 1985 (2010); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005). For the second element, it must be shown that the deprivation was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Orin v. Barclay*, 272 F.3d 1207, 1217 (9th Cir.2001) (quotation and emphasis omitted). Section 1985(3) extends beyond race only "when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir.1992) (quotation omitted). In the present case, Young has not alleged facts that are consistent with a claim under § 1985(3).

1979); *Altman v. Dep't of Children & Family Servs.*, 666 F. Supp. 2d 918, 929 (S.D. Ill. 2009); *Carpenter v. Oldham*, 314 F. Supp. 1350, 1352 (W.D. Mo. 1970)(applying doctrine of judicial immunity to 42 U.S.C. § 1981).

It is not clear from the complaint whether Defendant Kaylor or Dyer are probation officers *or* parole officers. Regardless, the allegations in the complaint suggest that they performed the same type of judicial function as a probation officer when they sought to determine whether Young was complying with the terms of parole, entitling them to a quasi-judicial immunity. Any actions they took with respect to Young's being extradited pursuant to the warrant, as well as their participation in Young's court hearings, do not give rise to a constitutional claim, as they enjoy immunity from suit for these actions. *See Demoran*, 781 F.2d at 157 (9th Cir. 1985) (holding that probation officers are entitled to absolute quasi-judicial immunity against damages claims); *see also Galvin v. Garmon*, 710 F.2d 214, 215 (5th Cir. 1983) (holding that state probation officers are entitled to qualified immunity); *Ray v. Pickett*, 734 F.2d 370 (8th Cir. 1984) (holding that probation officers are entitled to qualified immunity for their roles in petitioning for probation revocation); *Mayes v. Hayes*, No. 4:16-CV-00125-JHM, 2017 WL 235192, at *2 (W.D. Ky. Jan. 18, 2017) (noting that probation officers are entitled to quasi-judicial immunity when determining whether an individual has violated the terms of his or her probation); *Balas v. Leishman-Donaldson*, No. 91-4073, 1992 WL 217735, at *15 (6th Cir. Sept. 9, 1992) ("However, when a judge seeks to determine whether a defendant is complying with the terms of probation, the judge is performing a judicial function … All of the same considerations that would apply to the judge apply to the probation officer."); *see Loggins*, 218 Fed.Appx. at 476; *Morrow*, 67 F.R.D. at 684 (discussing the application of qualified judicial immunity to parole and probation officers); *Mann*, 300 F. Supp at 1310 ("The defendant [ ], a parole officer, is generally immune from liability for a delegated discretionary act performed within his official capacity"). Both Officer's actions—based on the allegations in Young's complaint—were part

7

of their judicial responsibilities as a parole or probation officers and as such they are entitled to quasi-judicial immunity for those actions. Accordingly, the claims against them in their individual capacities are dismissed.

Therefore, Young's complaint must be dismissed for failing to state a claim upon which relief can be granted and seeking monetary relief against defendants who are immune from such relief. If Young elects to proceed with this action, he is directed to file an amended complaint that (1) specifies in a detailed and comprehensible manner what role and actions Officer Kaylor and Dyer or any other Defendant each took in their individual capacities surrounding Young's extradition from Arkansas to Nevada (2) specifies what particular actions that Officer Kaylor and Dyer took in their individual capacities that Young believes to be improper and outside the scope of the performance of their normal duties or functions, and (3) provides sufficient factual information (i.e., dates, times, names, details), which plausibly show that the named Officers in their individual capacities violated Young's civil rights under 42 U.S.C. §§ 1981, 1985, and 1983—the elements for those claims are listed above. *See Cato*, 70 F.3d at 1106.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Young's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court file the complaint. (ECF No. 1-1).

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that Young's claims against Officer Kaylor and Officer Dyer in their individual capacities brought pursuant to 42 U.S.C. §§ 1981, 1985, and 1983 be DISMISSED with leave to amend.

IT IS FURTHER ORDERED that Young must file an amended complaint in accordance with the provisions set forth in this order by June 2, 2017. Failure to do so will result in the dismissal of the complaint with prejudice. Plaintiff is advised that under Local Rule 15-1 any amended complaint that is filed with the Court must be complete in itself without reference to prior filings. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

/ / /

/ / /

/ / /

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.

IT IS SO ORDERED.

DATED this 2nd day of May, 2017.


_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE