**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

MICHAEL RAY YOUNG,

             Plaintiff,

vs.

STATE OF NEVADA, et al.,

             Defendants.

Case No. 2:17-cv-01062-RFB-VCF

**ORDER AND REPORT AND RECOMMENDATION**

AMENDED COMPLAINT (ECF NO. 7)

      In April 2017, Plaintiff Michael Ray Young filed an application for leave to proceed *in forma pauperis* ("IFP") along with a complaint. *See* ECF No. 1. The Court granted Young's IFP application. *See* ECF No. 5. The Court also dismissed Young's complaint and directed him to file an amended complaint in accordance with the provisions set forth in the order. *Id*. Before the Court is Young's amended complaint. *See* ECF No. 7. For the reasons stated below, Young's claims against Officer Kaylor and Officer Dyer in their individual capacities brought under 42 U.S.C. §§ 1981, 1983, and 1985 should be dismissed with prejudice.

      Under 28 U.S.C. § 1915(e), the Court must screen Young's amended complaint to determine whether it is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. After noting the deficiencies in Young's original complaint and explaining what he needed to do to remedy those deficiencies, the Court granted Young leave to file an amended complaint. *See* ECF No. 5 at 8. The Court informed Young that if he failed to file an amended complaint or failed to cure the identified deficiencies, the Court would recommend that his amended complaint be dismissed with prejudice. *Id*. at 9. Young did not heed the

Court's advice. Young filed a one-page document entitled "Amending Compaint (Civil Wrights Compaint)" consisting of two short paragraphs that state as follows:

> The courts response to Rule 8 (does not deny the allegations against the state) and the states agents representing the state. RULE 8 (4) DENYING PART OF AN ALLEGATION. A PART THAT INTENDS IN GOOD FAITH TO DENY ONLY PART OF AN ALLEGATION MUST ADMIT THE PART THAT IS TRUE AND DENY THE REST.
>
> 28 U.S.C. Code 1915 Proceeding in forma pauperis I us law I 211 (e). (1). The court may request an attorney to represent any person unable to afford counsel comes NOW! Before the court Plaintiff request the court to appoint COUNSEL IN THIS MATTER.

*See* ECF No. 7.

The first paragraph appears to refer to Federal Rule of Civil Procedure 8(b)(4). That provision involves a party's response to a pleading such as a complaint. It does not apply to the Court's screening analysis under § 1915(e). The order granting Young leave to file an amended complaint advised Young that, under Local Rule 15-1(a), any amended complaint that he files must be complete in itself without reference to prior filings. An amended complaint supersedes the original complaint, which no longer serves any function in the case. *See* ECF No. 5 at 9. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court. *Id*. The second paragraph requests that the Court appoint Young counsel in this matter. *Id*.; *see also* ECF No. 8. It is wholly separate from and unrelated to the first paragraph and has no relevance to the Court's § 1915(e) screening analysis. The Court finds that Young's amended complaint fails to satisfy Fed. R. Civ. P. 8's provisions and should be dismissed under § 1915(e) with prejudice.

In light of the Court's recommendation that this action be dismissed with prejudice, the Court denies Young's Motion for Appointment of Counsel (ECF No. 8) as moot with leave to refile in the event that the Honorable Richard F. Boulware II determines that Young's action may proceed.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Young's Motion for Appointment of Counsel (ECF No. 8) is DENIED.

IT IS RECOMMENDED that Young's Amended Complaint (ECF No. 7) be DISMISSED WITH PREJUDICE.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

/ / /

/ / /

/ / /

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.

IT IS SO ORDERED.

DATED this 12th day of June, 2017.

　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　CAM FERENBACH
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE